**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2022[*]
Decided June 6, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1949

| | |
|---|---|
| JASON A. REED, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. |
| *v.* | No. 3:20-cv-00118-RLY-MPB |
| COREY BRATTAIN, et al., *Defendants-Appellees*. | Richard L. Young, *Judge*. |

**O R D E R**

When Jason Reed was an Indiana inmate, he filed a grievance against jail guards, asserting that they injured him, but he did not administratively appeal the jail's failure to resolve his grievance. Reed later sued the guards under 42 U.S.C. § 1983, and the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

district court entered summary judgment for them. It correctly reasoned that an internal appeal was both available to and required of Reed before he sued; thus, we affirm.

We present the facts in the light most favorable to Reed, the non-moving party. *Rodrigo v. Carle Found. Hosp.*, 879 F.3d 236, 241 (7th Cir. 2018). The Wayne County Jail, where Reed was housed in Indiana, handles grievances through computer-based forms (available to inmates one hour daily). Responses to grievances are due within a week, and inmates "may file an appeal if the inmate is not satisfied with a grievance response or did not receive a … response … by the due date." One form on the computer is for "Grievance Requests," but for grievances against jail staff and guards, the jail's written procedures state that inmates must use a different form, "Complaint Against a Law Enforcement Officer." This form may not be available on the computer. Consequently, Reed had in the past used, and the prison had always accepted, the generic "Grievance Request" form accessible on the computer for the filing and appeal of grievances against jail staff and guards.

In 2019, Reed filed a grievance against jail guards for injuring him. He used the generic "Grievance Request" form—rather than the "Complaint Against a Law Enforcement Officer" form. An administrator accepted the form and responded that the jail would investigate his accusations. As far as the record shows, the jail took no further action.

Though dissatisfied, Reed did not internally appeal; instead, he sued the guards under § 1983, alleging they violated his Eighth Amendment rights. They responded that he failed to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a). The district court stayed all discovery that did not relate to the exhaustion defense. Eventually, the guards moved for summary judgment, and while that motion was pending, Reed filed two nondispositive motions. First, he moved to compel a video recording and other evidence about the incident leading to his injuries. The court denied this motion because Reed's desired discovery related only to the merits and the court had stayed merits discovery. Second, he moved for leave to amend his complaint to join new defendants. The court denied leave based on Reed's failure to attach a proposed amended complaint to his motion, as required by local rules. *See* S.D. Ind. L.R. 15-1(a).

The district court entered summary judgment for the guards, ruling that Reed did not exhaust the available and required remedy of an internal appeal. It explained that Reed had daily access to the computer that contained the grievance forms and that

he had previously used the computer to file internal appeals but did not do so this time.[1]

On appeal, Reed argues that the internal appeal process was unavailable to him. He reasons that the jail's written procedures require inmates to file grievances against guards on the form titled "Complaint Against a Law Enforcement Officer," and if we construe the record in his favor, that form was not available on the computer.

But the undisputed evidence shows that the prison accepts the generic "Grievance Request" form, available on the computer to which Reed had daily access, for both filing and appealing grievances against jail staff. Before filing suit, inmates must exhaust all "available" administrative remedies. § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 642 (2016). Available remedies "may include both written policies and informal procedures" that inmates know about and the jail uses and accepts. *Crouch v. Brown*, 27 F.4th 1315, 1321–22 (7th Cir. 2022); *see Lanaghan v. Koch*, 902 F.3d 683, 689 (7th Cir. 2018). Here, the record shows that, despite the written policy, the jail had always accepted from Reed the computer-based "Grievance Request" form for grievances against guards and that Reed knew this. Thus, he had an available avenue for lodging an internal appeal; if he had doubts about whether he could use the generic grievance form to appeal internally—as he had done before—he needed to "err on the side of exhaustion," *Ross*, 578 U.S. at 644, and attempt an appeal. But he did not.

Reed also contests two of the district court's interlocutory orders, but his arguments are unavailing. First, he says that the court erred in denying his motion to

---

[1] We have appellate jurisdiction despite a defect in the district court's judgment. On May 11, 2021, the district court wrote: "The Court now enters Final Judgment and this action is dismissed … ." While the judgment is set forth in a separate document, *see* FED. R. CIV. P. 58(a), the judgment lacks an essential component: who won what. *See Buck v. U.S. Digit. Commc'ns, Inc.*, 141 F.3d 710, 711 (7th Cir. 1998). Nonetheless, we have jurisdiction because we know from the parties' statements that the defendants won and that the district court was finished with the case. *See Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 387 (1978); *Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Local 150*, 824 F.3d 645, 650 (7th Cir. 2016).

We repeat our reminder for district courts to enter final judgments that contain their essential components and for parties to take steps to ensure that the courts do so. *See, e.g., Hyland v. Liberty Mut. Fire Ins. Co.*, 885 F.3d 482, 484 (7th Cir. 2018); *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 515–16 (7th Cir. 1999).

compel in which he sought evidence that would support the merits of his claim. But earlier the court had stayed all discovery that did not relate to the exhaustion defense; its decision to do so—and then to deny the motion to compel based on that stay—were valid uses of its discretion to manage the order of litigation. *See White v. Bukowski*, 800 F.3d 392, 394 (7th Cir. 2015) (citing *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008)) ("encourag[ing] district courts to determine, before scheduling discovery relating to the merits of a prisoner's civil rights suit, whether administrative remedies have been exhausted"). Second, Reed challenges the denial of leave to amend his complaint to add defendants. He did not attach a proposed amended complaint to his motion, as the local rules required him to do, *see* S.D. IND. L.R. 15-1(a), and the court denied the motion. The court was entitled to "strictly enforce" its local rules, even against a pro se litigant. *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 n.2 (7th Cir. 2019).

We have considered Reed's other arguments, but none has merit.

AFFIRMED